**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WARREN B. MCFERREN,

    Plaintiff,

v.

RECEIVABLES MANAGEMENT
PARTNERS, LLC,

    Defendant.

Case No.   1:19-cv-00531

## COMPLAINT

NOW COMES Plaintiff, WARREN B. MCFERREN, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC, as follows:,

## NATURE OF THE ACTION

1.     This action seeks damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     WARREN B. MCFERREN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      RECEIVABLES MANAGEMENT PARTNERS, LLC ("Defendant") provides accounts receivables management services. It offers extended business office, third party collections, workers' compensation, and additional solutions. The company was formerly known as Collection Associates, LLC and changed its name to Receivables Management Partners, LLC in June 2016. Receivables Management Partners, LLC was founded in 1985 and is based in Greensburg, Indiana with locations in Indiana, Michigan, Illinois, and Texas.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 4510.

11.     At all times relevant, Plaintiff's number ending in 4510 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13.     In November 2018, Plaintiff fell victim to Defendant's collection call campaign as it sought to collect Plaintiff's past due medical debt.

14.     This past due medical debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     On or before November 9, 2018, Defendant phoned Plaintiff; Plaintiff answered and was greeted by clear pause prior to being connected to Defendant's representative.

16.     During this call, Plaintiff explained financial hardship, an inability to make payments, then politely requested that Defendant stop calling.

2

17.     Defendant failed to mail Plaintiff a written validation notice within five days of this call.

18.     Despite Plaintiff's request that they stop calling, Defendant placed no less than 12 additional phone calls to Plaintiff in an attempt to collect debt.

## DAMAGES

19.     Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

20.     Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

21.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

22.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

23.     Defendant violated 15 U.S.C. § 1692d(5) by placing weekly phone calls to Plaintiff in spite of Plaintiff's demand(s) that they stop.

24.     Defendant violated 15 U.S.C. § 1692d(5) by placing no less than 12 phone calls to Plaintiff in spite of Plaintiff's demand(s) that they stop.

25.     Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

**Violation(s) of 15 U.S.C. § 1692g(a)**

26.     Section 1692g(a) provides:

[w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

27.     Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff written "validation notice" within five days of Defendant's initial communication in November 2018.

28.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

4

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692d(5) and g(a);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     Defendant placed or caused to be placed no less than 12 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

32.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

33.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

34.     As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

35.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

January 25, 2019                                         Respectfully submitted,

                                                         */s/ Joseph S. Davidson*

                                                         Joseph S. Davidson
                                                         Mohammed O. Badwan
                                                         **SULAIMAN LAW GROUP, LTD.**
                                                         2500 South Highland Avenue
                                                         Suite 200

6

Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Warren B. McFerren*